**Harry RUDELT, Relator,**

v.

**SUPERIOR CONTRACTORS and Allied Mutual Insurance Company, Respondents,**

and

**Employee Benefit Plans, Inc., Intervenor.**

**No. C3–89–1039.**

Supreme Court of Minnesota.

Oct. 13, 1989.

David R. Vail, Sieben, Grose, Von Holtum, McCoy & Carey, Ltd., Minneapolis, for relator.

Stanford Hill, Sahr, Kunert & Tamborino, Minneapolis, for respondents.

WAHL, Justice.

This is an appeal from a decision of the Workers' Compensation Court of Appeals affirming a compensation judge's denial of a claim for surgical expenses. We reverse.

Harry Rudelt sustained a work-related low back injury on January 1, 1980. In November 1986, he experienced increased low back problems and consulted his treating orthopedic surgeon. In December, the employee underwent diagnostic testing. Prior to these tests, the employee informed the insurer's representative about his current back problems and the scheduled tests. After obtaining the test results, on December 22, 1986, the employee's surgeon advised that the employee undergo surgery on his low back. The surgery was scheduled for January 19, 1987, a Monday. On January 16, 1987, the preceding Friday, the employee notified the insurer's representative of the scheduled surgery. The insurer's representative informed the employee that a second opinion was required and that the insurer would not pay for the surgery without that opinion. No second opinion was obtained, and the employee's non-emergency surgery was performed as scheduled on January 19.

The employer's insurer refused to pay the medical bills, and the employee filed a claim petition. At the time the matter came on for hearing before a compensation judge, the parties stipulated that the medical expenses were reasonable, necessary and causally related to the employee's work injury of January 1, 1980. The compensation judge determined that where the employee failed to obtain a second opinion, the employer and insurer were not liable for the medical expenses; and on appeal, the Workers' Compensation Court of Appeals affirmed by majority decision.

As enacted, Minn.Stat. § 176.135, subd. 1a. provided:

The employer is required to furnish surgical treatment * * * only after the employee has obtained two surgical opinions concerning whether the surgery is reasonably required to cure and relieve the effects of the personal injury or occupational disease. If at least one of the opinions affirms that the surgery is reasonably required, the employee may choose to undergo the surgery at the employer's expense. A second surgical opinion is not required in cases of emergency surgery or when the employer and employee agree that the opinion is not necessary.

Act of June 7, 1979, ch. 3, § 44, 1979 Minn. Laws Ex.Sess. 1285.

In 1986, the statute was amended to read:

The employer is required to furnish surgical treatment * * * only after the employee has obtained two surgical opinions concerning whether the surgery is reasonably required to cure and relieve the effects of the personal injury or occupational disease. If at least one of the opinions affirms that the surgery is reasonably required, the employee may choose to undergo the surgery. The employer is required to pay the reasonable value of the surgery unless the commissioner determines that the surgery is not reasonably required. A second surgical opinion is not required in cases of emergency surgery or when the employer and employee agree that the opinion is not necessary.

Act of March 25, 1986, ch. 461, § 21, 1986 Minn. Laws 953–54.

Finally, in 1987, this statute was amended to provide:

The employer is required to furnish surgical treatment * * * when the surgery is reasonably required to cure and relieve the effects of the personal injury or occupational disease. An employee may not be compelled to undergo surgery. If an employee desires a second opinion on the necessity of surgery, the employer shall pay the costs of obtaining the second opinion. Except in cases of emergency surgery, the employer or insurer may require the employee to obtain a second opinion on the necessity of the surgery, at the expense of the employer, before the employee undergoes surgery. Failure to obtain a second surgical opinion shall not be reason for nonpayment of the charges for the surgery. The employer is required to pay the reasonable value of the surgery unless the commissioner or compensation judge determines that the surgery is not reasonably required.

Act of May 29, 1987, ch. 332, § 34, 1987 Minn. Laws 1985.

The compensation judge and the Workers' Compensation Court of Appeals' majority interpreted the provisions in effect at the time of the employee's injury and subsequent surgery as predicating liability for surgical expenses on the procurement of a second opinion. On appeal to this court, the employee argues that these provisions are ambiguous and that the 1987 amendment "resolved" the issue of legislative intent with respect to the employers' and insurers' obligations to pay for necessary surgery. The employee further argues that the 1987 "change" in the law was therefore intended to be retroactive. It seems to us, however, that where the employer/insurer stipulated that the medical expenses were reasonable, necessary and causally related to the employee's work injury, the failure to obtain a second medical opinion did not discharge the employer/insurer's obligation to pay the medical bills under Minn.Stat. § 176.135, subd. 1a (1986) regardless of whether the 1987 amendment was intended as legislative clarification of what was previously ambiguous. We therefore reverse the decision of the Workers' Compensation Court of Appeals and remand the matter to the compensation judge for further proceedings with respect to issues of attorney fees and intervenor reimbursement.

Reversed and remanded.

Employee is awarded $400 in attorney fees.